**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent, ) | |
| ) | No. 02 C 1757 |
| ) | (99 CR 545) |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| CHARLES WHITE ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Petitioner Charles White's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons discussed in the opinion below, this Court denies the petition.

**I.  FACTUAL BACKGROUND**

On November 3, 1999, a federal grand jury returned a criminal indictment that charged petitioner Charles White ("Petitioner" or "White") with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (more commonly referred to as crack), in violation of 21 U.S.C. § 846 (Count One); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and distribution of approximately 121.9 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Six). (Indictment at 1-4, 7, 9) The indictment charged thirteen additional defendants variously with thirty-six counts of narcotics related offenses, money laundering, and a firearms offense. (Gov't's Resp. Br. Att. A).

Beginning on May 25, 2000, White and co-defendant Wade Hemphill were tried by jury before this Court in the Northern District of Illinois. The government introduced evidence at trial to establish that White and his co-defendants were part of a conspiracy to distribute powder and crack cocaine in the Lakeside neighborhood of Chicago. The government introduced substantial evidence relating to White's role in the conspiracy, including recorded conversations and the testimony of cooperating defendant Alex Kinsey. On June 1, 2000, White was found guilty of Counts One and Six. The jury was not given a special verdict form as to the quantities of particular drugs charged in the indictment.

Prior to the sentencing hearing, the parties submitted briefs to this Court on the question on the maximum statutory sentence. This Court noted that the parties had "a fundamental disagreement" about what the statutory maximum sentence should be. (Sentencing Tr. at 10) After considering both parties' arguments, this Court determined that the maximum statutory sentence for each of Petitioner's convictions was twenty years, making a total maximum statutory sentence of forty years. (Sentencing Tr. at 12-13) This Court then considered whether this maximum statutory sentence raised a problem under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires that factual matters that will result in a sentence greater than the statutory maximum must be submitted to the jury. This Court determined that because the mandatory minimum sentence would not exceed the statutory maximum sentence, there was no *Apprendi* problem. (Sentencing Tr. at 16) On November 9, 2000, this Court sentenced the Petitioner to serve 188 months of imprisonment on Counts One and Six, to run concurrently.

On February 25, 2002, an appeal in this case was docketed with the Seventh Circuit. On February 27, 2002, Petitioner's trial counsel filed a motion to withdraw and to hold the briefing

schedule in abeyance. On May 22, 2002, the Seventh Circuit granted counsel's motion to withdraw and appointed appellate counsel for Petitioner; the Court of Appeals set a briefing schedule for the appeal.

On or about March 11, 2002, Petitioner, proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. White seeks to vacate his conviction, alleging first, that the specific drug quantity attributed to him was not charged in the indictment nor given to the jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and second, that the indictment included no specific reference to 21 U.S.C. § 841(b)(1), the penalty provisions of 21 U.S.C. §§ 841(a)(1) and 846. In addition, White alleged that Solomon Evans and Dwayne Keith committed perjury in their grand jury testimony.[1]

On or about August 30, 2002, appointed appellate counsel for Petitioner filed an *Anders* brief with the Seventh Circuit because he could not find a nonfrivolous basis for Petitioner's appeal of his conviction. *See Anders v. California*, 386 U.S. 738 (1967). Appellate counsel was not defendant's trial counsel. White was notified of his Counsel's motion, pursuant to Circuit Rule 51(b). On September 13, 2002, White filed a *pro se* motion to extend time to file a response to his appointed counsel's *Anders* brief. That motion was granted and White was given until November 4, 2002 to file his response. On October 31, 2002, White filed a second *pro se* motion to extend time to file a response to his counsel's *Anders* brief, to appoint counsel, and to release the district court trial transcripts. On January 22, 2003, the Seventh Circuit granted defendant an extension of time until February 21, 2003 to file his response. On February 5, 2004, the Seventh

---

[1] The government notes that Petitioner does not include specific information to support his claims that Evans and Keith committed perjury in their testimony before the grand jury.

Circuit dismissed Petitioner's appeal as nonmeritorious and granted Petitioner's counsel's motion to withdraw.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## III. ANALYSIS

As a threshold matter, Petitioner appears to be in procedural default because he has failed to bring his § 2255 claims on direct appeal. "An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *see also Fountain v. United States*, 211 F.3d 429, 432 (7th Cir. 2000) ("Claims not raised on direct appeal are barred from collateral review unless upon review, [the court has] been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice."). Petitioner does not assert either good cause or prejudice in his petition.

Furthermore, Petitioner filed the instant petition while his direct appeal–which raised other issues–was still pending. "Absent extraordinary circumstances, the district court should not consider § 2255 motions while the direct appeal is still pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). White does not offer any explanation as to why this Court should find extraordinary circumstances that would weigh in favor of considering a § 2255 petition that was untimely filed. The Seventh Circuit denied Petitioner's appeal on February 5, 2004. If Petitioner had filed his habeas petition at any time thereafter, it would have been timely.

Even assuming that Petitioner was not procedurally defaulted, however, this Court would deny his petition for the following reasons.

### A. Petitioner's Sentence Did Not Trigger *Apprendi* Because Sentence Is Less Than The Statutory Maximum

The Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), stated the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. "*Apprendi* does not require facts pertinent to application of the Sentencing Guidelines to be determined under an elevated burden of persuasion; it holds only that circumstances affecting the statutory maximum punishment must be established beyond a reasonable doubt to the satisfaction of the trier of fact." *Brannigan v. United States*, 249 F.3d 584, 587 (7th Cir. 2001); *see Apprendi*, 530 U.S. 466. The *Apprendi* rule is only triggered when a particular sentence exceeds "a default statutory maximum." *United States v. Knox*, 301 F.3d 616, 620 (7th Cir. 2002).

White's argument is that the jury rather than the district court judge should have determined the full weight of the drugs that the conspirators distributed. This is an error. *Apprendi* does not require the jury to determine the full weight of the drugs beyond a reasonable doubt unless the drug quantity supports a sentence that exceeds that statutory maximum. *See United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000). White was sentenced under 21 U.S.C. § 841(b)(1)(C), which states that a person convicted under 21 U.S.C. § 841(a) for a violation involving a Schedule I or II controlled substance is subject to a sentence of not more than twenty years. 21 U.S.C. § 841(b)(1)(C). In this case, White received a sentence of 188 months, which is below the statutory maximum of twenty years. Because the sentence did not exceed the statutory maximum, it did not trigger the *Apprendi* rule. Therefore, the jury was not required to find the exact quantity of drugs. This Court's sentence does not violate *Apprendi* and is not unconstitutional.

**B.     Penalty Provision Is Not An Essential Component Of An Indictment**

In addition, White alleges that his sentence is unconstitutional because the indictment against him did not charge him under 21 U.S.C. § 841(b), which sets out the possible penalties

for violations of 21 U.S.C. § 841(a). However, penalty provisions are not required in an indictment because they are not an element of the crime charged. *See, e.g., United States v. Bock*, 312 F.3d 829, 830 (7th Cir. 2002) (discussing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). An indictment is sufficient when it does three things: (1) it states all the elements of the crime charged; (2) it adequately apprises the defendant of the charges against him so that he may prepare a defense; and (3) it allows the defendant to plead the judgment as a bar to any future prosecutions for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000); Fed.R.Crim.P. 7(c)(1). An indictment should be read in its entirety and construed with common sense. *United States v. Palumbo Brothers*, 145 F.3d 850, 860 (7th Cir. 1998).

The indictment in this case provided three pages of detail relating to the conspiracy count, which served to put Petitioner on notice of the elements of the crime charged, informed him that he was being charged with conspiracy to possess and distribute substances containing cocaine and cocaine base. Count Six of the indictment states that Petitioner "did knowingly and intentionally distribute approximately 121.9 grams of mixtures containing cocaine base (commonly known as 'crack cocaine'), a Schedule II Narcotic Drug Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1)." (Indictment at 9). It is clear from the face of the indictment that it meets the requirements set forth by the rules of criminal procedure and the Court of Appeals of this Circuit.

An indictment need not cite to a penalty provision, but instead must make the defendant aware that a penalty may apply if he is convicted of the substantive offense with which he is charged. *See United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir. 1989). In this case, when the indictment is read, it is clear that the penalty provision of 21 U.S.C. § 841(b) could apply to

this Petitioner. Thus, Petitioner's argument that his conviction is unconstitutional because the indictment was insufficient fails.

## Conclusion

For the foregoing reasons, Petitioner Charles White's petition for a writ of habeas corpus is denied.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: February 28, 2005